UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EVAN R. FASSBENDER,

        Plaintiff,

v.

STATE OF WISCONSIN, TONY EVERS, KIRSTEN JOHNSON, EMILIE AMUNDSON, PAUL BUGENHAGEN, JR., ZACHARY M. BOSCH, LINDA SAAFIR, MICHAEL P. MAXWELL, DANIEL JAMES SIELAFF, ANDREA E. LAU, MARTIN BINN, DAVID HERRING, KIMBERLY HAINES, LISA A. KWASIGROCH, DEANNA STEVLINGSON, THOMAS J. PIEPER, MONICA WALRATH, RALPH M. RAMIREZ, ERIN FURGASON, MARYLEE RICHMOND, GRACE ISON, ERIC J. SEVERSON, CORPORATION COUNSEL, COURT, WISCONSIN JUDICIAL COMMISSION, CHILD SUPPORT AGENCY, CHILD SUPPORT DIVISION, WISCONSIN DEPARTMENT OF HEALTH SERVICES, WAUKESHA COUNTY SHERRIFF'S DEPARTMENT, WISCONSIN DEPARTMENT OF JUSTICE, and WAUKESHA COUNTY CIRCUIT COURT,

        Defendants.

Case No. 23-CV-486-JPS

**ORDER**

On April 13, 2023, Plaintiff Evan R. Fassbender ("Plaintiff"), proceeding pro se, filed this action alleging a vast conspiracy by Defendants

to violate his constitutional rights in the state child support proceeding against him. ECF No. 1. Plaintiff also filed a motion for leave to proceed in the district court without paying the filing fee. ECF No. 2. On April 19, 2023, the Court found that Plaintiff's motion did not support a finding that he is indigent and accordingly denied his motion and required him to pay the full filing fee. ECF No. 4 at 2. The Court warned that Plaintiff's failure to do so would result in dismissal of the case without further notice. *Id.*

Plaintiff failed to pay the filing fee by the given deadline. The Court would therefore be entitled to dismiss his case without prejudice as previously warned. Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."); *see also* Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to comply with a court order).

However, in light of recent filings by Plaintiff and in the interest of construing those filings to do "substantial justice," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Fed. R. Civ. P. 8(f)), the Court will not at this time dismiss his case. Although Plaintiff did not pay the filing fee, he *did* make a number of filings,[1] including most recently what appears to be a motion for leave to appeal without prepayment of the filing fee. ECF No. 10. The motion is made on the form "Affidavit Accompanying Motion for

---

[1]These filings include: a motion asking the Court to waive PACER fees and further asking for clarification on Plaintiff's rights and responsibilities as a litigant, ECF No. 6; a letter related to his current address, ECF No. 7; and a motion asking the Court "to order the lower courts," possibly a reference to the Wisconsin state courts, "to immediate cease and desist any and all activity related to" Plaintiff's child support case and asking the Court "to contact the Waukesha Sheriff's Department to verify whether or not they plan on executing another fraudulent warrant" related to child support payments, ECF No. 8. The Court will defer on addressing these requests until Plaintiff's appeal, if any, is concluded.

Permission to Appeal In Forma Pauperis" and indicates that Plaintiff's "issue[] on appeal" is his "[i]nability to pay." *Id.* at 1. For the below-stated reasons, the Court will defer taking action on this filing.

The Court understands this filing to signify that Plaintiff (1) wishes to challenge this Court's determination that he is not indigent and therefore challenge its requirement that he must pay the full filing fee before his case may continue and (2) seeks to do so without paying the separate $505 appellate filing fee. *Erickson*, 551 U.S. at 94. As a general principle, denial of a request to proceed in the district court without payment of the filing fee is an appealable order. *West v. Macht*, 197 F.3d 1185, 1188 (7th Cir. 1999) ("Normally, the denial of IFP status is immediately appealable under the collateral order doctrine."). In other words, Plaintiff potentially could have appealed the Court's April 19 denial of his motion for leave to proceed in the district court without payment of the filing fee.

However, Plaintiff failed to timely file the required notice of appeal, or any notice of appeal at all, so at this juncture he is not yet permitted to appeal, nor will the Court consider whether he may do so without paying the appellate filing fee. "An appeal permitted by law as of right from a district court to a court of appeals may be taken *only* by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1) (emphasis added). "In a civil case, except as provided in [rules not applicable here], the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days of the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). While "defects in the notice of appeal" can sometimes be excused, courts "may not overlook the failure to file a notice of appeal at all." *Manrique v. United States*, 581 U.S. 116, 125 (2017).

Page 3 of 6
Case 2:23-cv-00486-JPS   Filed 05/23/23   Page 3 of 6   Document 11

The order from which Plaintiff apparently wishes to appeal is dated April 19, 2023, so any notice of appeal thereto was due May 19, 2023. Fed. R. App. P. 4(a)(1)(A). Plaintiff's apparent motion for leave to appeal without prepayment of the filing fee makes it fairly obvious that he intends to appeal this Court's determination as to his indigency, which is permissible at this stage of the case. *Macht*, 197 F.3d at 1188. Even so, the filing was not accompanied by a notice of appeal, and this Court is not permitted to waive the requirement that such a filing or motion be accompanied by a *notice* of appeal. *See United States v. Bonk*, 967 F.3d 643, 648–50 (7th Cir. 2020) (noting that a notice of appeal is a jurisdictional prerequisite and concluding that no appellate jurisdiction existed where putative appellant filed one notice of appeal before entry of final judgment but no second, separate notice of appeal was filed after the order the appellant wished to appeal).

Plaintiff appears to have some awareness of Federal Rule of Appellate Procedure 4's 30-day limit, given that he timely filed a motion for leave to appeal without prepayment of the filing fee despite failing to file a notice of appeal on time—he met one technical requirement (the deadline) but failed to meet another (the notice of appeal). In this context, Plaintiff may move for an extension of time to file a notice of appeal. "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause."). Fed. R. App. P. 4(a)(5)(A). It must be noted that even if the Court were to grant such an extension to file the notice of appeal is granted, the Court is limited in how long it may extend the deadline. Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14

days after the date when the order granting the motion is entered, whichever is later.").

Accordingly, the Court will order that, should Plaintiff wish to appeal the April 19, 2023 order denying his motion for leave to proceed in the district court without paying the filing fee, ECF No. 2, he must file **two** items no later than **June 2, 2023**:

(1) A request for an extension of time to file a notice of appeal, which should explain why he meets the "excusable neglect or good cause" standard in Federal Rule of Appellate Procedure 4(a)(5); **and**

(2) A notice of appeal, using the correct form, which the Court will direct the Clerk of Court to mail to Plaintiff along with this Order.

To be clear: Plaintiff has **not** yet been permitted to undertake any appeal. When the Court receives both of the above-referenced filings, it will consider them together; if the extension of time to file a notice of appeal is granted, the notice of appeal will be docketed accordingly. At that time, the Court will also take action on Plaintiff's motion for leave to appeal without prepayment of the filing fee. If Plaintiff fails to file either of the above-required items, the Court will dismiss his case without further notice. Civ. L.R. 41(c).

Accordingly,

**IT IS ORDERED** that no later than **June 2, 2023**, Plaintiff Evan R. Fassbender file a request for an extension of time to file a notice of appeal and a notice of appeal, consistent with the Court's directives in this Order; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of the Notice of Appeal form to Plaintiff along with a copy of this Order.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge