# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EVAN R. FASSBENDER,<br><br>     Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN, TONY EVERS, KIRSTEN JOHNSON, EMILIE AMUNDSON, PAUL BUGENHAGEN, JR., ZACHARY M. BOSCH, LINDA SAAFIR, MICHAEL P. MAXWELL, DANIEL JAMES SIELAFF, ANDREA E. LAU, MARTIN BINN, DAVID HERRING, KIMBERLY HAINES, LISA A. KWASIGROCH, DEANNA STEVLINGSON, THOMAS J. PIEPER, MONICA WALRATH, RALPH M. RAMIREZ, ERIN FURGASON, MARYLEE RICHMOND, GRACE ISON, ERIC J. SEVERSON, CORPORATION COUNSEL, COURT, WISCONSIN JUDICIAL COMMISSION, CHILD SUPPORT AGENCY, CHILD SUPPORT DIVISION, WISCONSIN DEPARTMENT OF HEALTH SERVICES, WAUKESHA COUNTY SHERRIFF'S DEPARTMENT, WISCONSIN DEPARTMENT OF JUSTICE, and WAUKESHA COUNTY CIRCUIT COURT,<br><br>     Defendants. | Case No. 23-CV-486-JPS<br>7th Cir. Case No. 23-2130<br><br>**ORDER** |

On April 13, 2023, Plaintiff Evan R. Fassbender ("Plaintiff"), proceeding pro se, filed this action alleging a vast conspiracy by Defendants

to violate his constitutional rights in the state child support proceeding against him. ECF No. 1. The Court denied Plaintiff's request to proceed without prepayment of the filing fee, or in forma pauperis ("IFP"). ECF No. 4 at 2. Later, construing Plaintiff's filings as an attempt to appeal this determination but noting he had filed no official notice of appeal, the Court gave him additional time in which to do so. ECF No. 11. The Court specified that Plaintiff had to file both a request for an extension of time in which to do so, "explain[ing] why he meets the 'excusable neglect or good cause' standard in Federal Rule of Appellate Procedure 4(a)(5)" *and* a notice of appeal. *Id.* at 5. The Court further clarified that

> Plaintiff has **not** yet been permitted to undertake any appeal. When the Court receives both of the above-referenced filings, it will consider them together; if the extension of time to file a notice of appeal is granted, the notice of appeal will be docketed accordingly. At that time, the Court will also take action on Plaintiff's motion for leave to appeal without prepayment of the filing fee.

*Id.*

Plaintiff has complied with the directive to file a notice of appeal, ECF No. 13, but not the directive to file a request for an extension of time. Despite the Court's specific guidance, Plaintiff has made no attempt to explain why he initially failed to file a notice of appeal nor why he should now be granted an extension of time in which to do so. In any event, the case is now on appeal. ECF Nos. 15, 16. The Court will leave it to the Seventh Circuit to determine whether Plaintiff's appeal is timely.[1] For now, the

---

[1] Indeed, the Seventh Circuit has already caught on to the timeliness issue. *See Evan Fassbender v. State of Wisconsin et al.*, No. 23-2130 (7th Cir. June 7, 2023), ECF No. 4 (directing Plaintiff to file a memorandum stating why his appeal should not be dismissed due to untimeliness). Together with the Court's analysis below, the untimeliness of Plaintiff's appeal may support a finding that he is not

Court will consider—and deny—Plaintiff's motion to proceed in forma pauperis on appeal. ECF No. 10.

A plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3).[2] To determine whether Plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

Plaintiff seeks review of this Court's determination that he is not indigent and therefore is obligated to pay the district court filing fee before

---

appealing in good faith. *See Williams v. Conduent Hum. Servs. LLC*, No. 3:19-CV-1061 DRL, 2022 WL 451625, at *2 (N.D. Ind. Jan. 13, 2022), *appeal dismissed*, No. 22-1226, 2022 WL 3229999 (7th Cir. Apr. 7, 2022).

[2] "[A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court[,]" attaching various materials. Fed. R. App. P. 24(a)(1). Further, "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless[] the district court . . . certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis[.]" Fed. R. App. P. 24(a)(3).

Plaintiff has not been permitted to proceed in forma pauperis before this Court. ECF No. 4. However, because Plaintiff seeks to "reap[] the benefits" of in forma pauperis status, *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 448 (7th Cir. 2000), the Court will apply 28 U.S.C. § 1915(a)(3)'s good-faith requirement in considering his request to so proceed on appeal.

his litigation can proceed. *See* ECF No. 10 at 1.[3] To reach this conclusion, the Court reasoned that, based on Plaintiff's representations about his monthly income ($2,953.00), expenses ($2,160.00), and assets (including a car valued at $9,000.00) at the time of filing, Plaintiff could afford the filing fee. ECF No. 4 at 3 (citing ECF No. 2, Plaintiff's motion for leave to proceed without prepayment of the filing fee).

The district court filing fee is $402.00 and Plaintiff's own representations signal that he apparently has, or had, nearly $800.00 per month in disposable income plus additional assets. The Court cannot say that an appeal on the issue of whether Plaintiff is too poor to pay the filing fee has legal merit; any reasonable person apprised of these facts would conclude that litigants with financial resources like Plaintiff's are not covered under the in forma pauperis statute. *See, e.g.*, *Moore v. Kenosha Cnty. Det. Ctr.*, No. 20-CV-107, 2020 U.S. Dist. LEXIS 12703, at *3 (E.D. Wis. Jan. 27, 2020) (denying motion to proceed in forma pauperis notwithstanding expenses in excess of income where plaintiff owned two vehicles and a home); *Longtine v. Wautoma Sch. Dist.*, No. 19-CV-651, 2019 U.S. Dist. LEXIS 208809, at *2 (E.D. Wis. Dec. 4, 2019) (recommending denial of in forma pauperis status where plaintiff had substantial assets "most *pro se* litigants moving for *in forma pauperis* status before this Court do not have").

---

[3]Plaintiff also purports to seek review of the Court's more recent order, ECF No. 11, directing him to file a request for an extension of time to file a notice of appeal. ECF No. 13 at 2 (notice of appeal seeking review of May 23, 2023 order). This order was favorable to Plaintiff, so it is unclear why he seeks review thereof; moreover, it is not an appealable final judgment because it does not end the case. *See India Breweries v. Miller Brewing Co.*, 612 F.3d 651, 657 (7th Cir. 2010) (citing 28 U.S.C. § 1291 and *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

While it is true that "a litigant need not demonstrate abject poverty to qualify for IFP status, . . . the Court is not here simply to rubber stamp applications to proceed IFP." *Jones v. Badger Meter*, No. 05-C-0966, 2005 WL 2209545, at *1 (E.D. Wis. Sept. 12, 2005) (citing *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987)). The Court declined to rubber stamp Plaintiff's first request to proceed without paying the filing fee and will again decline to do so with respect to his appeal.

Further undermining any finding of good faith is the fact that Plaintiff's motion for leave to appeal IFP includes different information than his initial motion. For example, as noted above, his initial motion stated he had $2,953.00 in monthly income; his appeal motion states that he has either $2,215.20 or $1,565.20 in monthly income.[4] ECF No. 10 at 2. Plaintiff's initial motion represented that he had made over $12,000.00 through employment with DoorDash and Alloy Products Corporation in the last year; now, his appeal motion states that these amounts are "unknown." *Compare* ECF No. 2 at 2, *with* ECF No. 10 at 2. So too with Plaintiff's vehicle, the value of which he initially stated was $9,000.00 but now (conveniently) states is "unknown." *Compare* ECF No. 2 at 3, *with* ECF No. 10 at 3. Plaintiff initially stated he owed $1,300.00 per month in child support payments, but now states that he owes $650.00 per month. *Compare* ECF No. 2 at 2, *with* ECF No. 10 at 2, 10. The Court cannot say for sure that Plaintiff's representations in either one of his IFP motions were

---

[4] To arrive at the lower figure, Plaintiff appears to have deducted $650 in child support payments from his monthly income; whether this is the result of garnishment or simply of Plaintiff's belief that he should not have to pay this amount is unclear to the Court. In any event, Plaintiff has not explained this apparent change in his financial circumstances nor argued that the Court should consider either one of the new, lower amounts as his income.

intentionally calculated to deceive the Court, but the fact that he is changing aspects of his financial picture calls his honesty into doubt and raises red flags as to the merit of his appeal. *See U.S. v. Wright*, 478 F. Supp. 1178, 1179 (S.D.N.Y. 1979) (denying motion to appeal in forma pauperis and finding litigant who "ha[d] been less than forthright in his disclosures to the Court" and whose financial statements presented "[i]nconsistencies" was not proceeding in good faith).

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without paying the appellate filing fee unless the Court of Appeals gives him permission to do so. Plaintiff has 30 days from the date of this Order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues that she intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this Order, in addition to the notice of appeal that he previously filed. If Plaintiff does not request review of this Order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.[5]

---

[5] The Court previously indicated it would screen Plaintiff's complaint notwithstanding payment of any filing fee. ECF No. 4 at 3. Consistent with that warning, Plaintiff is hereby on notice that, even if the Seventh Circuit overturns this Court's IFP determination and the case comes back to this Court, his complaint is in all likelihood barred by *Rooker-Feldman* doctrine, and accordingly subject to

Accordingly,

**IT IS ORDERED** that Plaintiff Evan R. Fassbender's motion for leave to appeal without prepayment of the filing fee, ECF No. 10, be and the same is hereby **DENIED**.

---

dismissal for lack of jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine provides that "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Thus, lower federal courts are prohibited from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The doctrine prohibits federal jurisdiction over claims that are "inextricably intertwined" with state court determinations. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). "It is settled that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

The Seventh Circuit has repeatedly affirmed district courts' dismissals, pursuant to *Rooker-Feldman*, of complaints seeking to void child support orders and related actions taken by state courts. *See, e.g.*, *Bowes-Northern v. Miller*, No. 21-3319, 2022 WL 16849058, at *1 (7th Cir. Nov. 10, 2022) ("To the extent that [the plaintiff] wants review of the state court's orders (for example, orders declining to hold [the plaintiff's wife] in contempt of court), he is in the wrong forum. The *Rooker-Feldman* doctrine blocks any federal court-other than the Supreme Court of the United States-from reviewing decisions of state courts in civil suits."); *Dixon v. Rick*, 781 F. App'x 561 (7th Cir. 2019) (upholding dismissal under *Rooker-Feldman* for claims relating to garnishment for child support payments because "[a]lthough Dixon invoked various federal claims . . . essentially, the complaint challenged state-court proceedings to establish and enforce Dixon's child support obligation"); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019) (upholding dismissal under *Rooker-Feldman* where federal case challenged state court rulings on "attempts in state-court litigation to modify [] child-support obligations"); *Johnson v. Lockyer*, 115 F. App'x 895, 896–97 (7th Cir. 2004) ("The district court rightly observed that Johnson's core grievance is really about the validity of a state judgment—the California judgment that registered the Oregon child support order—and federal suits that implicate the validity of state judgments are barred under the *Rooker–Feldman* doctrine . . . . the registration of that judgment in a California court and the garnishment proceedings that followed are themselves immune to review by the district court.").

Dated at Milwaukee, Wisconsin, this 13th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge
